Filed 12/5/23  P. v. Williams CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080567 |
| v. | (Super.Ct.No. RIF2103142) |
| TREVOR JEROME WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. Affirmed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No response from Plaintiff and Respondent.

1

Trevor Jerome Williams appeals from the judgment entered following his plea of guilty to one felony count of failure to register a new address or transient location as a sex offender. (Pen. Code, § 290.013; unlabeled statutory citations refer to this code.) We appointed counsel to represent Williams on appeal, and counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738, raising no issues and asking us to conduct an independent review of the record. We affirm.

## BACKGROUND

Williams is required to register as a sex offender under the Sex Offender Registration Act (§ 290 et seq.) as a result of his conviction in 2014 of conspiracy to commit human trafficking.[1] (§§ 182, 236.1, subd. (c).) In 2018, Williams was convicted of felony failure to reregister upon release from incarceration (§ 209.015) and was sentenced to two years and eight months in prison.

According to a report from Williams's parole officer, on May 21, 2021, while Williams was on parole for the 2018 registration offense, he informed the parole officer that he had moved out of his mother's home and was transient. During that conversation, the parole officer reminded Williams of his duty to register his change of address and transient status under the registration statutes within five business days. The parole

---

[1] Section 290 requires individuals convicted of certain offenses to register as sex offenders. Conspiracy to commit human trafficking under section 236.1, subdivision (c), is one of the covered offenses. (§ 290, subd. (c)(1).)

2

officer reminded Williams of that duty again on both June 9 and June 28, 2021.  On July 6, 2021, Williams registered his location and transient status.

On July 27, 2021, the People filed a complaint charging Williams with one count of failure to register a new address or transient location (§ 290.013, subd. (a), count 1) and one count of failure to register as a transient (§ 290.011, subd. (d), count 2).  The complaint also alleged that Williams had suffered a prior strike conviction—second degree burglary committed for the benefit of a criminal street gang (§§ 459, 186.22, subd. (b))—within the meaning of the Three Strikes law (§§ 667, subds. (c), (e)(1) & 1170.12, subd. (c)(1)).

At the plea hearing on December 8, 2022, Williams pled guilty to count 1 and admitted the prior strike conviction in exchange for a sentence of two years and eight months in prison and the dismissal of count 2.  Counsel stipulated that the parole officer's report provided a factual basis for the plea, and the trial court found that Williams had knowingly, voluntarily, and intelligently waived his constitutional rights and entered his guilty plea.  The court sentenced Williams to two years and eight months, with 204 days of presentence custody credits.

Williams filed a timely notice of appeal from the judgment and checked the box indicating "[t]his appeal challenges the validity of the plea or admission."  Checking that box required him to complete the request for certificate of probable cause elsewhere on the form.  In his request for certificate of probable cause, Williams stated that the plea lacked a factual basis and that his admission of guilt was neither voluntary nor intelligent

3

because he was not advised of the direct or collateral consequences of the plea. Williams also stated: "The allegations made by Kayla Johnson were fabricated. . . . I was not made aware that the Riverside County District Attorney's Office was planning on filing additional felony charges involving the same individual who has made additional fabricated allegations from with [sic] the Riverside County District Attorney's Office plans to use to bo[l]ster these charges."[2]

On January 20, 2023, the trial court denied the request for certificate of probable cause.

## DISCUSSION

Counsel's *Wende* brief identified three potential arguable issues: (1) whether Williams's plea was knowing and voluntary; (2) whether there was a factual basis for the plea; and (3) whether the prosecutor breached the plea bargain. We advised Williams that he had 30 days to file a personal supplemental brief, and he has not done so.

Section 1237.5 provides: "No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional,

---

[2] The reference to Kayla Johnson suggests that Williams may have been referring to a different case, in which he pled guilty to one count of misdemeanor battery under section 243, subdivision (e)(1). At the same hearing at which Williams entered the guilty plea in this case, he also pled guilty in a separate case to misdemeanor "battery on a person [he was] dating." The police report in this case contains a text message in which Williams mentions to his parole officer that he is buying dinner for a woman named Kayla.

4

jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."  A certificate of probable cause is a condition precedent to any appeal within the scope of section 1237.5.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1098-1099 (*Mendez*); Cal. Rules of Court, rule 8.304(b)(1).)  "The certificate functions as a notice of appeal in cases involving negotiated dispositions, which notices are of a 'fundamental jurisdictional nature.'"  (*People v. Allison* (2019) 39 Cal.App.5th 688, 698, quoting *In re Chavez* (2003) 30 Cal.4th 643, 652.)

Because Williams failed to obtain a certificate of probable cause, we lack jurisdiction to consider any issues affecting the validity of the plea, and Williams is consequently not entitled to a *Wende* review to search for such issues.  However, because a certificate of probable cause is not required to challenge "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission," Williams is entitled to a *Wende* review regarding those matters.  (Cal. Rules of Court, rule 8.304(b)(2); see also *Mendez, supra*, 19 Cal.4th at p. 1088 [without a certificate of probable cause, "a defendant may obtain review solely of so-called 'noncertificate' issues, that is, postplea questions not challenging his plea's validity"].)

Limiting our review to the sentence and postplea matters that do not affect the plea's validity, we have examined the entire record and are satisfied that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 124.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

6